| | | | |
|---|---|---|---|
| Minute Order Form (rev. 12/90) | **UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS** | Sitting Judge if Other Than Assigned Judge | |
| Name of Assigned Judge or Magistrate Judge | JAMES B. MORAN | Date | Dec 20, 2000 |
| Case Number | 99 C 5597 | | |
| Case Title | KELLY ANN BUTVILAS PAGE VS EQUITY RESIDENTIAL ETC. ET AL. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:** Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____ Reply to answer brief due _____
(3) ☐ Answer brief to motion due _____ set for _____ at _____
(4) ☐ Ruling on _____ ☐ set for _____ ☐ re-set for _____ at _____
(5) ☐ Hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Pretrial conf. ☐ held ☐ continued to _____ at _____
(8) ☐ Trial ☐ Set for ☐ re-set for _____ ☐ Hearing held and continued to _____ ☐ by agreement
(9) ☐ Bench Trial ☐ Jury Trial
   ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ FRCP 41(a)(1)
   ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution)

(10) ☒ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for judgment is denied. Status hearing set for January 23, 2001 at 9...

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original min...

☐ No notices required, advised in open court.
☐ No notices required.
☐ Notices mailed by judge's staff.
☐ Notified counsel by telephone.
☒ Docketing to mail notices.
☐ Mail AO 450 form.
☐ Copy to judge/magistrate Judge.
courtroom

00 DEC 21 PM 2:16     DEC 2 2 2000

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY ANN BUTVILAS PAGE, )
)
Plaintiff, )
)
vs. ) No. 99 C 5597
)
EQUITY RESIDENTIAL PROPERTY )
MANAGEMENT CORP., a/k/a )
EQUITY RESIDENTIAL PROPERTIES )
MANAGEMENT, )
)
Defendant. )

DOCKETED
DEC 22 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Kelly Ann Butvilas Page (Page) brings this action against defendant Equity Residential Property Management Corp. (Equity) for damages resulting from a fall on defendant's property. Equity claims it did not have actual or constructive knowledge of any defect, and moves for summary judgment under Fed. R. Civ. P. 56. For the following reasons, defendant's motion is denied.

## BACKGROUND

Equity owns Four Lakes Village, an apartment complex in Lisle, Illinois, where Page was a tenant in 1994. Plaintiff periodically used some railroad ties as a stairway leading from her rear patio down to the road. On August 12, 1994, as plaintiff walked across the ties, one gave way, causing her to fall and injure her back.

Prior to this incident plaintiff had not reported any problems with the ties. There are ten to fifteen thousand railroad timbers throughout the development, laid at some time before Equity acquired the property in 1983. Although there was no systematic program for

inspecting them, defendant occasionally discovered and replaced rotten ties.

Plaintiff filed suit in DuPage County Circuit Court, and, after a mistrial, she voluntarily dismissed the action and refiled in the district court. For diversity purposes, plaintiff is a Missouri citizen[1] and defendant an Illinois citizen, and under 28 U.S.C. § 1332 this court has jurisdiction.

## DISCUSSION

We may only grant summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). We must also view all admissible evidence in the light most favorable to plaintiff, the non-moving party. *See* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

Landlords are responsible for safely maintaining their property. "A landlord who retains control of a portion of the premises leased to a tenant has the duty ... to use ordinary care in maintaining that part of the premises in a reasonably safe condition." <u>Gengler v. Herrington</u>, 579 N.E.2d 412, 415 (Ill. App. 2 Dist. 1991). These railroad ties were in a common area over which Equity maintained control. Defendant had a duty to keep them reasonably safe.

The landlord, however, is only responsible for injuries that are foreseeable. It must have actual or constructive knowledge of the defect. *See* <u>Anglin v. Oros</u>, 628 N.E.2d 873, 876 (Ill. App. 1 Dist. 1993). The key issue here is whether defendant should have known about the defective railroad tie. A landlord is "chargeable with any knowledge which a

---

[1] Although plaintiff lived in Illinois at the time of the alleged incident, she moved to Missouri prior to filing this complaint.

reasonable inspection would disclose." <u>Lulay v. South Side Trust & Savings Bank of Peoria</u>, 280 N.E.2d 802, 804 (Ill. App. 3 Dist. 1972). Similarly, "a defendant who has notice of facts which would cause a reasonable person to inquire further may be charged with having notice of other facts that might have been discovered after a reasonable inquiry." <u>Smolek v. K.W. Landscaping</u>, 639 N.E.2d 974, 977 (Ill. App. 2 Dist. 1994). Constructive knowledge is generally a question of fact, measured by a classic "reasonableness" standard. *See id.* Here, the parties dispute several material facts, making summary judgment inappropriate.

One item of contention is how these ties are characterized. Plaintiff describes them as a stairway; defendant, as a retaining wall. There is ample evidence that tenants, including plaintiff, frequently used the ties as stairs. Although defendant professes complete ignorance that tenants were doing so, there is evidence in the record suggesting that its agents did know people used the ties as stairs for accessing the back patio. Whether defendant had constructive knowledge of this usage is a question of fact.

That answer informs the level of care that would be reasonable. If Equity had reason to know that tenants were using the railroad ties as a stairway, it would need to monitor their safety for that purpose. This would likely involve more frequent or rigorous inspections than for a retaining wall. Also, these ties were at least eleven years old, if not older, and defendant had replaced some that had rotted out. Under <u>Smolek</u> and <u>Lulay</u>, notice of these facts may have obligated Equity to inquire further, and made it chargeable with any knowledge a further inspection might have revealed. The sheer number of timbers on the property militates against a stringent standard, but such cost-benefit

balancing is a quintessential factual question. A jury could conclude that reasonable precautions would include more thorough inspections.

There are still more factual disputes related to whether Equity should have known about the defect. Plaintiff must show the defect either existed for a sufficient time or was so conspicuous that defendant should have discovered the condition through exercise of reasonable care. *See* Smolek, 639 N.E.2d at 977. There is conflicting evidence about how conspicuous the defect was, i.e. how easily an inspector can identify loose or rotted wood. A trier of fact will need to weigh the credibility of the respective experts' opinions. Defendant's argument is really a factual challenge to causation. If a reasonable inspection would not have revealed the defect, their failure to do one was not a "but for" cause of the accident. On this record we cannot, as a matter of law, conclude that a competent inspection would not have revealed the defect.

How long the defect existed is similarly ambiguous. Wood deteriorates gradually over time. It is unclear at what point the wood will show signs of weakening, and when it becomes too weak to safely support a person's weight. A jury could well conclude that reasonable inspections would have revealed that a timber had begun to decay long before it became so weak that it could not support a person's weight. Defendant argues that another person safely traversed these ties the day prior to plaintiff's accident, and that this conclusively shows the defect did not exist as little as one day earlier. As plaintiff points out, however, this person may simply have stepped on a different spot on the tie.

Defendant also makes much of the fact that plaintiff did not notice the defect herself. But Equity was the party with control over the common areas. It had agents doing

inspections and maintenance work around the grounds. Since Equity may well have been in a better position to discover any defect in the ties, plaintiff's failure to notice the defect does not bar recovery. *See* Smolek, 639 N.E.2d at 978.

## CONCLUSION

The evidence tending to show constructive knowledge is far from overwhelming. But there is enough here that a reasonable trier of fact could draw that inference. Defendant's motion for summary judgement is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

December 20, 2000.