Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5597 | **DATE** | 4/8/2002 |
| **CASE TITLE** | Kelly Ann Butvilas Page vs. Equity Residential Property | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motions in limine nos. 22-1 and 25-1 are granted. Motions in limine nos. 23-1 and 24-1 are denied. Status hearing set for April 17, 2002 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | APR 09 2002 | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 35 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 APR -9 AM 10:56 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


KELLY ANN BUTVILAS PAGE,           )
                                   )
    Plaintiff,                )
                                   )  No. 99 C 5597
v.                                 )
                                   )
EQUITY RESIDENTIAL PROPERTY        )  Judge James B. Moran
MANAGEMENT CORP., a/k/a            )
EQUITY RESIDENTIAL PROPERTIES      )
MANAGEMENT,                        )
                                   )
    Defendant.                )

## MEMORANDUM OPINION & ORDER

Both plaintiff and defendant have filed two motions in limine. We deal with them in turn.

Plaintiff's first motion is to bar any of Michael Butvilas' statements that concern or refer to any previous injuries, incidents and accidents or any previous back conditions allegedly experienced by plaintiff. That motion is denied.

Michael Butvilas gave a statement on April 1, 1997, in Houghton, Michigan. He was later deposed on June 19, 1998. Plaintiff appears to be primarily concerned about the statement, but that is not admissible. It provides, at most, a good faith basis for cross-examination of the plaintiff. Plaintiff had, however, a full opportunity to question Butvilas at his deposition. He then testified that plaintiff had a sore back after being jolted during a snowmobile ride at Christmastime 1991 or 1992. His understanding that her back was sore was based upon his observations and her statements. Thereafter, plaintiff complained of a sore back, Butvilas thought in the lower back, from time to time, depending on what she was doing, "lifting or

straining her back in any type of fashion." He was unaware of plaintiff seeking any medical treatment. Plaintiff is correct in contending that such testimony does not establish any casual relationship between that incident and plaintiff's subsequently determined back injuries. It does, however, provide a basis for inquiring of plaintiff's medical witnesses whether that incident could have caused or contributed to her subsequently determined back injuries, an inquiry that would presumably be before defendant sought to introduce the deposition testimony, and the testimony of defendant's medical witnesses.

Plaintiff also moves to be allowed to introduce evidence of future wage loss or loss of earning capacity related to an inability to pursue a career in nursing, particularly hands on nursing care. That motion is granted. The legal standard for determining whether or not such evidence is admissible is well set forth in Reed v. Union Pacific Railroad Co., 185 F.3d 712 (7th Cir. 1999). Whether that evidence is too speculative or whether it provides a sufficient basis for taking the issue to the jury is a judgment call. Here we believe there is a sufficient basis for the claim. Her history of employment in health related jobs, her contemporaneous expressions of desires and intentions, her entry into nursing studies, her late application to and acceptance for a nursing program, her ability to complete college and that fact that she could have completed her nursing program in a year and a half all provided some support for her claim. Defendant has advanced a number of reasons why it believes that plaintiff's entry into the nursing profession was unlikely, and it may seek to so persuade the jury. It may also contend to the jury that plaintiff has failed to mitigate her damages and was capable of earning considerably more than her expert opines. But, those are matters to be determined by the jury.

Defendant moves to bar the plaintiff from offering or attempting to offer any evidence or expert testimony that defendant violated provisions of the BOCA property maintenance code or that the premises at issue were not in compliance with the BOCA property maintenance code. It argues that plaintiff must have expert testimony on proximate cause, which she lacks, before the condition testimony is admissible. We disagree. The motion is denied.

If this case involved a fall from a ladder that collapsed because it did not meet standards, we would hardly need an expert to opine that the ladder collapse caused the fall. The plaintiff could tell us that. Here the BOCA code infractions are not so specifically described. But if, as we understand it, they include the absence of a guard rail and the disrepair of the railroad tie, plaintiff's description of her fall (which, as we understand it, will essentially be that she lost her footing when the tie broke away and there was nothing to grab onto) will provide evidence of proximate causation.

Finally, defendant moves to bar plaintiff from offering or attempting to offer any testimony or evidence that refer to the subsequent renovation of the area in question or that refers to any subsequent repairs of the railroad tie. We grant, for now, that motion, but with a recognition that the evidence could well become admissible. The work order does relate to a remedial measure and, therefore, is normally not admissible, pursuant to Rule 407, F.R. Civ. P. However, it may become admissible, depending on the substance of the defense. The photograph of the area, Exhibit I to Plaintiff's Response, appears to show ties, leading from a patio, which were not intended to be a stairway but did provide an obvious shortcut to the adjacent stairs. If defendant contends that the ties were solely part of a retaining wall and that it was unaware that anyone used them as stairs and had no reason to believe that anyone would use them, or if

3

defendant contends that the tie was not loose and plaintiff slipped due to her own carelessness, then the work order may well constitute an admission or admissions if plaintiff can establish a basis for claiming that the statements are the independent assessments of defendant's employee. We think it far less likely that the 1997 renovations will become admissible. Indeed, we do not understand "feasibility" to be an issue. Rather, the issue is duty.

James B. Moran
Senior Judge, U.S. District Court

Dated: April 8, 2002